2006 ND 3

In the Matter of the DISCIPLINARY ACTION AGAINST Eugene F. BU-RESH, a Member of the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,

v.

Eugene F. Buresh, Respondent.

No. 20060023.

Supreme Court of North Dakota.

Jan. 25, 2006.

INTERIM SUSPENSION ORDERED.

PER CURIAM.

[¶ 1]   On January 23, 2006, an Application for the Interim Suspension of Eugene F. Buresh, a member of the Bar of North Dakota, with supporting documents, was filed under N.D.R. Lawyer Discipl. 3.4. Buresh was admitted to practice law on October 10, 1979, and is currently licensed to practice law in the courts of North Dakota.

[¶ 2]   A complaint has been filed against Buresh which alleges a check for $30,956.45, drawn on the Buresh Law Trust Account, was returned for non-sufficient funds (NSF).   The trust account records supplied by Buresh indicate the trust account had a balance of $2,544.10 on December 28, 2005, leaving the trust account short by $28,406.35 of the funds necessary to pay the NSF check.

[¶ 3]   Buresh admits to the NSF check, explains the shortage of funds occurred because trust account moneys were used "to ward off a temporary financial office crisis" and further acknowledges the NSF check has not been paid.   The evidence implies a violation of N.D.R. Prof. Conduct 1.15(a), Safekeeping Property.

[¶ 4]   Under N.D.R. Lawyer Discipl. 1.2(A)(2), a lawyer may be disciplined for committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer through a violation of N.D.C.C. § 12.1–23–08, Misapplication of Entrusted Property.   Further, under N.D.R. Lawyer Discipl. 1.2(A)(3), a lawyer may be disciplined for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

[¶ 5]   Under N.D.R. Lawyer Discipl. 3.4(B), the court may enter an interim order, at any stage of any proceeding,

immediately suspending the lawyer pending final disposition of the proceeding predicated upon the conduct causing harm to the public or may order such other action as deemed appropriate. This rule also provides that upon request by counsel or the lawyer after entry of an interim suspension order, the court shall within ten days provide an opportunity for the lawyer to demonstrate that the order should not remain in force.

[¶ 6] **ORDERED,** Eugene F. Buresh's license to practice law is SUSPENDED effective January 30, 2006, and until further order of this Court, pending final disposition of a disciplinary proceeding predicated upon the complaint.

[¶ 7] **FURTHER ORDERED,** Eugene F. Buresh comply with N.D.R. Lawyer Discipl. 6.3.

[¶ 8] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 9] The Honorable DANIEL J. CROTHERS, being unavoidably absent, did not participate in this decision.